(82 South. 578)

## CAPRI v. FAIRCLOTH.   (6 Div. 532.)

(Court of Appeals of Alabama.   May 20, 1919.)

1. PRINCIPAL AND AGENT ☞20(1)—RELATION —EVIDENCE.

Whatever evidence has a tendency to prove an agency, such as the relation of the parties and their conduct with reference to the subject-matter, is admissible, though it be not fully satisfactory, and it is the province of the jury to pass upon it, although the alleged principal and agent both categorically deny the existence of the relation; direct evidence not being indispensable.

2. HUSBAND AND WIFE ☞138(2) — AGENCY FOR WIFE—EVIDENCE.

In an action by a broker to recover compensation for obtaining a purchaser of land, evidence *held* insufficient to sustain a finding that defendant's husband was her agent in making a contract with the plaintiff.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by D. F. Faircloth against Charles and Lena Capri in assumpsit. From a judgment for the plaintiff, the defendant Lena Capri appeals. Reversed and remanded.

The evidence tended to show that one Thrasher called at the storehouse of Lena Capri in the city of Birmingham and saw Charles, the husband of Lena, and asked him if he did not want to buy a house and lot situated just across the street from their storehouse. Charles answered that he did not, as he had no money, but added that if Thrasher would sell the store he would buy the property across the street. The terms agreed upon for the sale of the store was $3,000, payable $800 cash and $25 per month, with 8 per cent. interest on deferred payments. On the following morning, Thrasher and D. F. Faircloth went to see Charles Cap-ri and informed him that he had sold the store to one Tony Antonio on the terms above noted, and Charles said that they would have to see his wife, Lena. They went to see her and told her of the trade, and she replied that she did not want to sell the property at all, and she refused to conclude the trade on any terms. Thrasher testified that he was in the employ of Faircloth and was not in business for himself. Faircloth's testimony was similar to Thrasher's, except that he said that when he saw Lena Capri she said she knew that the property had been listed with him, but that she had talked the matter over with her children and had decided not to sell it.

The testimony for the defendant tended to show that the property belonged to Lena Capri, and that her husband was attending to her mercantile business; that she had been sick a long time before the transaction and remained sick some time thereafter; that Tony Antonio had been trying for several years to buy the property; and that some time after she refused to sell the property through Thrasher and Faircloth she sold the property to Tony Antonio, but not until she found it necessary to go to the hospital and have an operation. In this testimony she was corroborated by Tony Antonio.

John T. Glover, of Birmingham, for appellant.

D. J. Flummer, of Ensley, for appellee.

SAMFORD, J.   The only assignment of error is based upon the court's refusal to give, at the request of the defendant in writing, the general affirmative charge, and that turns upon the question as to whether the husband of the appellant was her agent in the making of a certain contract with the plaintiff in such sort as to bind the plaintiff to the payment of commissions for the sale of some property owned by the appellant.

[1, 2] Whatever evidence has a tendency to prove an agency is admissible, even though it be not fully satisfactory and it is the province of the jury to pass upon it. Direct evidence is not indispensable. Indeed, frequently it is not available, and therefore circumstances may be relied upon—such as the relation of the parties to each other, their conduct with reference to the subject-matter of the contract—and, notwithstanding the alleged principal and agent are the only witnesses called and they both categorically deny the existence of the relation, the jury has the right to weigh and consider the whole evidence and the fair and reasonable inferences that might be drawn therefrom, and, in considering it, they may be entirely justified in disregarding the "yes" and "no" answers and in reaching the conclusion that the evidence as a whole is sufficient to prove the

relation of agency to exist. The foregoing is substantially the statement of the rule as laid down in the text in 21 R. C. L. p. 820, which seems to us to be as clear a statement of the rule applicable to this case as can be found. But in this case, after a careful consideration of all the evidence, the court is of the opinion that there is no evidence to justify a conclusion that the husband was the agent of defendant in making the contract with plaintiff or that defendant ratified it after it had been made. It follows that the judgment must be reversed and the cause remanded, the defendant being entitled to the affirmative charge.

Reversed and remanded.